IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KERRY LUGENE PARKER,

    Plaintiff,                                  No. CIV S-04-2695 FCD GGH P

    vs.

GEORGE STRATTON, et al.,

    Defendants.                           FINDINGS & RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' April 17, 2006, motion to dismiss for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b).  After carefully reviewing the record, the court recommends that defendants' motion be granted.

Discussion

        Plaintiff originally filed this action on November 30, 2004, in the United States District Court for the Northern District of California.  On December 21, 2004, this case was transferred to this court.

        This action is proceeding on the amended complaint filed August 22, 2005, as to defendants Warden Stratton and Islamic Chaplain Shawesh.

/////

1

Plaintiff alleges that defendant Shawesh 1) denied his request to establish a class to address the differences between Sunni and Shia Muslims; 2) denied his request to permit Shia Muslims to congregate for worship and study; 3) failed to respond to inmate requests for dietary chronos; 4) refused to place Shia religious artifacts on the religious package list; 5) removed plaintiff from sermons based on plaintiff's support of U.S. troops in Iraq; 6) engaged in rhetoric which caused Sunnis to threaten Shias.

Plaintiff alleges that defendant Stratton failed to adequately investigate plaintiff's administrative appeal regarding defendant Shawesh.

42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of appeal:  1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections.  Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement.  Id. at 1237-38.

In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures.  121 S. Ct. at 1825.  Therefore, inmates seeking money damages must completely exhaust their administrative remedies.  42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

/////

/////

1    On September 22, 2004, plaintiff submitted an administrative appeal complaining
2 that defendant Shawesh 1) denied his request to establish a Shia class; 2) denied his request for a
3 special diet; 3) engaged rhetoric which caused Sunnis to threaten Shias.  Defendants' Exhibit A,
4 pp. 4, 8.  On September 24, 2004, this appeal was returned to plaintiff because he had not
5 attempted to resolve the problem at the informal level.  Id., p. 10.  Plaintiff resubmitted the
6 appeal on October 7, 2004, and it was partially granted at the informal level of review on October
7 8, 2004.  Id., p. 4.  On October 25, 2004, plaintiff appealed to the first level of review.  Id., p. 4.
8 On December 17, 2004, this appeal was denied.  Id., p. 1.  On December 30, 2004, plaintiff
9 submitted his appeal to the second formal level of review.  Id., p. 5.  On January 14, 2005, this
10 appeal was partially granted.  Id., p. 2.  Plaintiff did not file an administrative appeal at the third
11 formal level of review.

12    In his opposition, plaintiff argues that he was not required to file a third level
13 appeal because he did not receive the response to his second level appeal until five months after
14 it was partially granted on January 14, 2005.  Plaintiff's receipt of the response was apparently
15 delayed because he had moved.  Plaintiff had fifteen working days from January 14, 2005, to file
16 his third level appeal.  Cal. Code Regs. tit. 15, § 3084.6(c).  Plaintiff suggests that because
17 defendants did not provide him with a timely response to his second level appeal, he could not
18 file a third level grievance.

19    At the outset, the court observes that the parties do not dispute that the appeal
20 discussed above is the only appeal filed by plaintiff relevant to the claims raised in this action.
21 Plaintiff's appeal concerned only plaintiff's claims against defendant Shawesh.  While plaintiff
22 alleges that defendant Stratton did not adequately investigate plaintiff's administrative appeal
23 regarding defendant Shawesh, none of the administrative appeals was denied by defendant
24 Stratton.  For this reason, the court cannot find that these appeals exhausted plaintiff's claims
25 against defendant Stratton.  Accordingly, because plaintiff's appeals did not discuss plaintiff's
26 claims against defendant Stratton, defendants' motion to dismiss for failure to exhaust

administrative remedies should be granted as to this defendant.

As discussed above, plaintiff originally filed this action on November 30, 2004. On October 25, 2004, plaintiff submitted his first level appeal. This appeal was stamped as received by the Appeals Office on October 28, 2004. Defendants' Exhibit A, p. 4. Prison officials had thirty working days from the date the appeal was received by the appeals coordinator on October 28, 2004, to respond to this appeal. Cal. Code Regs. tit. 15, § 3084.6(a) and (b)(2). The December 17, 2004, response was not within thirty working days of October 28, 2004. However, at the time plaintiff filed this action, thirty working days had not passed from October 28, 2004. Therefore, plaintiff filed this action *prior* to exhausting his administrative remedies. In other words, plaintiff was required to wait until thirty working days had passed from the time appeals office received his first level appeal before filing this action. On this ground, the motion to dismiss the claims against defendant Shawesh should be granted.[1]

Defendants do not argue that plaintiff's appeal did not raise all of the issues raised in this action. Accordingly, the court will not address this issue sua sponte. In addition, because plaintiff filed this action before thirty working days had passed from the time the appeals office received his first level appeal, it need not reach the issue of whether plaintiff was required to file a third level grievance if he did not receive the response to the second level grievance until five months after it was issued.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' April 17, 2006, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[1] Plaintiff's informal level appeal was responded to within ten working days, as required by the regulations. Cal. Code Regs. tit. 15, § 3084.6(b)(1).

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 9/11/06

/s/ Gregory G. Hollows

---
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
par2695.mtd